```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

CANDICE M. WILLIAMS,              :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :    CIVIL ACTION 11-0421-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of Social Security,  :
                                  :
     Defendant.                   :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for Child Disability Benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 15). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21).  Oral argument was heard on April 30, 2012.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and **REMANDED** to the Social Security Administration for action not inconsistent with the Orders of this Court.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Williams was twenty-three years old and had completed more than a high school education (*see* Tr. 21). In claiming benefits, Plaintiff alleges disability due to HIV, depression, obesity, and asthma (Doc. 15 Fact Sheet).

Williams filed separate applications for children's benefits and, at a later date, SSI; the applications were consolidated for purposes of judicial efficiency (*see* Tr. 11). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Williams had no relevant past work experience, she was capable of performing a

reduced range of light work (Tr. 11-23). Plaintiff requested review of the hearing decision (Tr. 6-7) by the Appeals Council, but it was denied (Tr. 2-4).[1]

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Williams alleges that: (1) She is unable to perform a reduced range of light work; (2) the ALJ did not properly consider the opinions of an examining physician; and (3) the ALJ posed an incomplete hypothetical question to the vocational expert (Doc. 15). Defendant has responded to—and denies—these claims (Doc. 16).

Plaintiff first claims that she is unable to perform a reduced range of light work. More specifically, Williams argues that because the ALJ found that she was limited to standing or walking for only two hours out of an eight-hour day, a finding which has no medical support, she does not meet the requirements of light work.

The Court notes that light work is defined as follows:

> Light work involves lifting no more
> than 20 pounds at a time with frequent
> lifting or carrying of objects weighing up
> to 10 pounds. Even though the weight lifted

---

[1] Williams has presented her claims to an ALJ on three separate occasions, all resulting in the denial of benefits; the Appeals Council, however, remanded the action back for further review on the initial two appeals (*see* Doc. 15, pp. 1-2; *cf.* Doc. 16, pp. 1-2).

3

>may be very little, a job is in this
>category when it requires a good deal of
>walking or standing, or when it involves
>sitting most of the time with some pushing
>and pulling of arm or leg controls. To be
>considered capable of performing a full or
>wide range of light work, you must have the
>ability to do substantially all of these
>activities. If someone can do light work,
>we determine that he or she can also do
>sedentary work, unless there are additional
>limiting factors such as loss of fine
>dexterity or inability to sit for long
>periods of time.

20 C.F.R. § 1567(b) (2011).

The Court notes that on August 24, 2007, Dr. Michelle S. Jackson examined Williams and completed a physical capacities evaluation in which she indicated that she was capable of standing and walking, separately, one-to-two hours at a time and three-to-four hours out of an eight-hour day; the doctor also indicated that Plaintiff could lift and carry less then ten pounds constantly, ten-to-fifteen pounds frequently, and up to twenty pounds on an occasional basis (Tr. 491; *see generally* Tr. 489-94). Jackson examined Williams again on May 1, 2008 and reached the same conclusions (Tr. 542-46).

The ALJ specifically found that Plaintiff had the residual functional capacity (hereinafter *RFC*) to perform light work as defined in the regulations "except that she can stand and walk

no longer than two hours in an eight-hour work day" (Tr. 18). The ALJ gave considerable weight to Jackson's opinions in reaching this conclusion though he restricted the RFC even more than Jackson, trying to give Williams's statements concerning her limitations the benefit of the doubt (Tr. 20).  At the evidentiary hearing, in his second question to the vocational expert (hereinafter *VE*), the ALJ proposed an individual who was limited to more than two hours of standing and walking in an eight-hour day but who could still perform eight hours of an eight-hour day; this built on the first hypothetical question in which the individual could lift or carry twenty pounds occasionally and fifteen pounds frequently (Tr. 706-08).  The VE answered that the individual could perform the job of bench assembler, a sedentary unskilled position (Tr. 708).  The ALJ specifically found, based on this testimony, that Plaintiff could do this job (Tr. 22).

    The Court finds substantial support for the ALJ's conclusion that Williams was capable of performing a reduced range of light work although he more specifically found that she could do the job of bench assembler, which is unskilled, sedentary work.  As Plaintiff had no relevant past work, this was a fifth-step decision; the ALJ specifically named jobs that

Williams was capable of performing. Although his RFC and the specifically-named job do not fall into the same categorical classification, the Court considers this to be, at most, harmless error. A review of the sedentary work GRID shows that Plaintiff, with her particular vocational factors, would not meet any rule finding disability. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1 (2011). This claim is without merit.

Williams next claims that the ALJ did not properly consider the opinions of an examining physician. Plaintiff specifically references Theresa Miller, a Physician's Assistant at the University of South Alabama Family Specialty Clinic (Doc. 15, pp. 4-8). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2011).

Williams specifically refers to a report completed by Miller on July 21, 2008 in which she indicates that Plaintiff

---

[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to

6

has marked difficulties in maintaining social functioning (Tr. 572; *see generally* Tr. 570-74).  In her notes, Miller states that Williams had complained of "agoraphobic-type symptoms" and of being "fearful of being around others due to [her] diagnosis & them [sic] discovering diagnosis" (Tr. 572).

The Court notes the following findings by the ALJ:

> The claimant's physician assistant, Ms. Theresa Miller, noted no restrictions in social functioning in her reports of October 27, 2005, August 1, 2006, or May 31, 2007 (Exhibits 3F, 10F, 13F).  However, as noted by the Appeals Council in its remand order, on July 22, 2008, Ms. Miller indicated that the claimant had a "marked" impairment in social functioning (Exhibit 23F).  The Administrative Law Judge has considered this opinion, in accordance with the requirements of the remand order, but has given it very little weight.  This opinion appears to be based entirely on the claimant's statements to Ms. Miller that she was experiencing "agorophobic type symptoms" in that she was fearful of being around others because she was scared they would find out about her HIV positive status (Exhibit 23F).  No agorophobic tendencies were noted during either of Dr. Davis's consultative examinations (Exhibits 7F and Exhibit 20F).  In fact, the claimant was able to drive herself to these examinations, and had no difficulty expressing herself to Dr. Davis (<u>Id</u>).  Michelle Jackson, M.D. did not note any agorophobic tendencies or complaints following her consultative physical exam of the claimant, which took place on May 1,

---

October 1, 1981.

> 2008 (Exhibit 21F).  The claimant also did not report significant agorophobic tendencies when she completed her daily activities questionnaire on January 30, 2008 (Exhibit 14E).  Instead, she reported that half the time she likes to be by herself and that the other half the time she wants to be with other people (Id).  She further reported that she is able to go out of the home when she feels good, and that she visits with family and friends (Id).  Although the claimant has depression and a fear of other people finding out about her HIV positive status, the Administrative Law Judge finds that, at most, she is moderately impaired in social functioning.

(Tr. 16).

Although Williams asserts that "the weight of the evidence supports [Miller's] findings including the opinions of treating physicians" (Doc. 15, p. 7), Plaintiff has failed to point to any other evidence of record which supports a finding that she has marked difficulty in maintaining social functioning.  In spite of this assertion, the ALJ correctly points out that Miller's finding was unsupported by the examination notes of either Dr. Jackson (Tr. 489-94, 542-46) or Psychologist Davis (Tr. 311-15, 537-41).  Just as important, the ALJ specifically notes that Miller's conclusion is based on Williams's own statements (Tr. 16; *cf*. Tr. 572).  Finally, although it did not seem to be the reason the ALJ discounted her conclusions,

8

Plaintiff admits that Miller is an "other source" and not an acceptable medical source under the regulations (*see* Doc. 15, p. 5; *see also* 20 C.F.R. § 416.913(d)(1) (2011)).  The ALJ, nevertheless, reported Miller's findings and discounted them as unsupported by the evidence.  The Court finds substantial support for that conclusion.

Williams's final claim is that the ALJ posed an incomplete hypothetical question to the VE.  Specifically, Plaintiff has asserted that the hypothetical failed to "include Plaintiff's mild to moderate difficulties in concentration, persistence, or pace" (Doc. 15, p. 8).

The Eleventh Circuit Court of Appeals has held that an ALJ's failure to include severe impairments suffered by a claimant in a hypothetical question to a vocational expert to be reversible error where the ALJ relied on that expert's testimony in reaching a disability decision.  *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985).  More recently, in *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1181 (11th cir. 2011), the Eleventh Circuit Court of Appeals held that, after determining that a claimant had a moderate limitation in maintaining concentration, persistence, or pace, an ALJ had to either determine that the limitation would not affect the

claimant's ability to work or include that limitation as part of the hypothetical question to the VE.

In this action, the ALJ specifically found, after reviewing the evidence, that it supported a "progressively increased limitation that has ranged from mild to moderate during the relevant period" in concentration, persistence, or pace (Tr. 17).  The ALJ went on to find that these "paragraph B" limitations were not a residual functional capacity assessment but were "used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process" (Tr. 17); *Winschel* indicated that no distinction was to be made. *Winschel*, 631 F.3d at 1180.

Though concluding that Plaintiff's impairments did not meet the Listing requirements, nowhere in the opinion did the ALJ reach a finding, either implicitly or otherwise, that this limitation would not affect Williams's ability to work. Furthermore, the ALJ did not include this limitation as part of the hypothetical questions posed to the VE (*see* Tr. 706-08).  As such, the Court finds that Plaintiff's claim has merit as the ALJ has not satisfied the ruling in *Winschel*.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evi-

dence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to whether Plaintiff has the ability to work with her mild to moderate difficulties in concentration, persistence, or pace.  Judgment will be entered by separate Order.

DONE this 2nd day of May, 2012.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE