```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


CANDICE M. WILLIAMS,              :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :    CIVIL ACTION 11-0421-M
                                  :
MICHAEL J. ASTRUE,                :
Commissioner of Social Security,  :
                                  :
     Defendant.                   :
```

                    MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Attorney's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (hereinafter *EAJA*), with supporting documentation (Docs. 24-25), and Defendant's Response to Plaintiff's Motion for Award of Attorney Fees (Doc. 26).  After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff **be AWARDED** an EAJA attorney's fee in the amount of $720.04.

Plaintiff filed this action on July 28, 2011 (Doc. 1).  On May 2, 2012, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner, and remanding this action for further proceedings (Doc. 22).

1

Judgment was entered in favor of Plaintiff and against Defendant (Doc. 23).

On July 16, 2012, Colin E. Kemmerly, counsel for Plaintiff, filed a Motion for Award of Attorney Fees Pursuant to EAJA, in which he requests a fee of $720.01, computed at an hourly rate of $180.00 for four hours spent in this Court (Docs. 24-25). Defendant, in his Response filed on July 18, 2012, stated that he was not opposed to an award of attorney's fees under EAJA as requested (Doc. 26).

The EAJA requires a court to

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of Agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate

Procedure.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.

Defendant apparently concedes that Plaintiff became the prevailing party when the Court remanded this action, *Schaefer*, 509 U.S. 300-302, that the fee motion was timely filed, and that the original administrative decision denying benefits was not substantially justified as no argument otherwise has been brought before the Court (*see* Doc. 26).

Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute.  The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v.*

3

*Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)). In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private section, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted). Counsel must use professional judgment in billing under EAJA. A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights. *Norman v. Housing Authority*, 836

F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's attorneys' Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's counsel's time expended in prosecuting this action for a total of four hours is reasonable (*see* Doc. 24 Attachment).

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

5

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward . . . to take into account an increase in the cost of living, or a special factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[1] The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. *Norman v. City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Where the documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary

---

[1] Subsequent to *Meyer*, the cap was raised from $75.00 per hour to

hearing.  *Id.*

Since 2001, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour.  *See, e.g.*, *Smith v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25, 2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D. Ala. April 12, 2001).  However, in 2007, in an action before Judge Cassady, a formula was approved and used to adjust the prevailing market hourly rate to account for the ever-increasing cost of living.  *Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)).  As set out in *Lucy*, the formula to be used in calculating all future awards of attorney's fees under the EAJA is:  "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint[2])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'"  (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2).  The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

---

$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).

[2]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." *Lucy v. Barnhart*.  Civil Action 06-0147-C (S.D. Ala. Doc. 31, at p. 3).

The temporal midpoint in this action was December 15, 2011, the complaint having been filed on July 28, 2011 (Doc. 1), and the Court having entered its Memorandum Opinion and Order and Judgment on May 2, 2012 (Docs. 22-23).  The CPI-U for December 2011 was 219.469.  Plugging the relevant numbers into the foregoing formula renders the following equation:  $125.00 x 219.469/152.4.  Completion of this equation renders an hourly rate of $180.01.  This hourly rate for four hours equals $720.04.

As noted earlier, EAJA allows a Court to make an "*award to a prevailing party*."  28 U.S.C. § 2412(d)(1)(A).  In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party."  *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 724 (2008) ("We conclude the EAJA means what it says:  attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's attorney").  The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), held "that a § 2412(d) fees award is payable to the litigant and is

therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.  Under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Candice M. Williams and not to her attorney.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $720.04.

DONE this 26th day of July, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
